## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JOSHUA ALLEN**, <br><br> Defendant. | No. 25-cr-139 |

## <u>OPINION & ORDER</u>

The Government has moved under Federal Rule of Criminal Procedure 48(a) to dismiss Count Two of the Indictment against Defendant Joshua Allen without prejudice.  Gov't Suppl. Mot. for Leave to Dismiss, ECF No. 24 ("Gov't Mot.").  The Defendant seeks dismissal with prejudice instead.  Def.'s Resp. to Gov't Mot., ECF No. 25 ("Def.'s Resp.").  For the reasons explained below, the Government's Supplemental Motion for Leave to Dismiss is GRANTED and Count Two of the Indictment is dismissed without prejudice.

Under Rule 48(a), the government may move to dismiss any count of the indictment before judgment is final.  *See United States v. Thorpe*, 148 F.4th 768, 776–77 (D.C. Cir. 2025); *see also United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999).  Although such dismissal requires "leave of court," Fed. R. Crim. P. 48(a), the court's "role in reviewing" a motion for leave to dismiss is "limited."  *United States v. Florian*, 765 F. Supp. 2d 32, 34 (D.D.C. 2011).  Under our system of separated powers, the discretion to "dismiss an indictment, and whether to dismiss it with or without prejudice" generally lies "with the prosecutor."  *Id.*; *see also Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967).  The court's "narrow" task is "to protect a

defendant against prosecutorial harassment." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (cleaned up).

Thus, when the Government moves under Rule 48(a) to dismiss an indictment without prejudice and supports its motion with a valid *prima facie* explanation, there is a "strong presumption" that the case should be dismissed without prejudice. *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024); *see also Florian*, 765 F. Supp. 2d at 35. In rare cases, this presumption may be rebutted if the Government's request was made in bad faith or if dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989); *see also United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982). Notably, the "public interest inquiry" should be construed "narrowly in part because of the constitutional questions that would [arise] if courts were to subject the government's exercise of its prosecutorial discretion to non-deferential review." *Fokker Servs.*, 818 F.3d at 743.

Here, "the Government's proffered rationale is a legitimate one." *Florian*, 765 F. Supp. 2d at 36. It has explained that it moved to dismiss Count Two "due to a recent change in the U.S. Department of Justice's position regarding the constitutionality of the District of Columbia's regulations banning large-capacity ammunition feeder devices." Gov't Mot. at 1. That explanation, on its face, does not indicate any sort of improper purpose or desire to gain an unfair tactical advantage over the Defendant. *See United States v. Pitts*, 331 F.R.D. 199, 203–05 (D.D.C. 2019). The Government's request to dismiss the indictment without prejudice is therefore presumed valid.

The Defendant's response does nothing to rebut this presumption. The Defendant asserts that if the Government "were to change its position again about the constitutionality of the

regulation, it would leave Mr. Allen at risk of being prosecuted at some point in the future" and cause him "uncertainty." Def.'s Resp. at 1–2 (cleaned up). The court appreciates those concerns. But "[t]he mere fact that a dismissal without prejudice leaves the door open to hypothetical future prosecution . . . is not tantamount to prosecutorial harassment." *Florian*, 765 F. Supp. 2d at 36. If that were so, every dismissal would need to be dismissed with prejudice, but the presumption is the exact opposite.

Accordingly, the Government's Supplemental Motion for Leave to Dismiss, ECF No. 24, is GRANTED; the Government's Motion to Dismiss, ECF No. 23, is DENIED AS MOOT; and Count Two of the Indictment is dismissed without prejudice.

SO ORDERED.


 Date: October 10, 2025


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge